UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN O'MARA, et al.,[1] | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 2473 JMB |
| | ) | |
| COLEMAN SPOHN CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Order to Compel an Accounting (ECF No. 5).

In the instant motion, Plaintiffs seek an order compelling Defendant Coleman Spohn Corporation ("Defendant"), to account to Plaintiffs, by means of an audit, for all amounts owing to Plaintiffs from the period of July 1, 2014, through the present date, as a result of delinquent contributions and other amounts Defendant owes to the Plumbers and Pipefitter funds. Defendant has not responded to the motion.

Plaintiffs filed this action on September 26, 2017. (ECF No. 1) In the Complaint, Plaintiffs allege that Defendant was performing work covered by collective bargaining agreements, which require Defendant to pay contributions to the Plumber and Pipefitters funds

---

[1] Plaintiffs are John O'Mara, Michael O'Laughlin, Mark Collom, Michael J. O'Connell, III, Mark Morgan, Neil G. Haberberger, James Murphy, John Eilerman, William J. Cocos, Robert C. Mitchell, Plumbers and Pipefitters Welfare Educational Fund, Plumbers and Pipefitters Local 562 Supplemental Pension Plan and Trust, Christopher Haslinger, Kevin Bellew, Aaron Butler, James Johnson, Gregory Lancette, Thomas McCarthy, Michael R. Cables, Mark Rogers, Cornelius J. Cahill, Mark Kerney, Robert Melko, Frank Norton, International Training Fund, and Plumbers and Pipefitters Local 562 (collectively referred to as "Plaintiffs").

1

and to file monthly contribution report forms. (ECF Nos. 1 and 6-1, Affidavit of Mark Collom at ¶ 4). Plaintiffs further allege that Defendant has failed to submit its reports or contributions when due for the period of July 1, 2014, through the present date. (Id., Collom Aff. at ¶ 6). Further, Plaintiffs allege that the collective bargaining agreements entitle the Plumbers and Pipefitters to conduct an audit of an employer's records to determine if the required contributions have been made. (Id., Collom Aff. at ¶ 5).

Although Defendant was served with summons and complaint on October 12, 2017, Defendant has neither filed an answer nor otherwise entered an appearance. (ECF No. 2) On January 3, 2018, the Clerk of the Court entered default against Defendant. Plaintiffs now seek the audit so that they can determine the amount of Defendant's liability. Defendant has not moved to set aside the default.

The collective bargaining agreements to which Defendant is bound authorize Plaintiffs to conduct an audit. Rule 55(b)(2) of the Federal Rules of Civil procedure states:

> If, in order to enable the court to enter judgment or carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper….

In addition, ERISA authorizes this court to grant equitable relief such as an accounting in an action for delinquent contributions. 29 U.S.C. § 1132(g)(2)(E); See Central States Se. and Sw. Areas Pension Fund v. Central Transp., Inc., 472 U.S. 559, 565-66 (1985) (finding that the power of trustees to administer the trust entitle them to "demand and examine employer records.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Order to Compel an Accounting (ECF No. 5) is GRANTED. Defendant is compelled to submit to an audit for the period of July 1, 2014, through the present date. Within thirty (30) days of the date of this Court's Order, Defendant shall permit Plaintiffs to conduct the accounting of Defendant's corporate records.

**IT IS FURTHER ORDERED** that not later than February 28, 2018, Plaintiffs shall file with the Court a report regarding the status of Defendants' compliance with this Order.

The Court reserves jurisdiction to make such further orders and grant such additional relief, including but not limited to, the entry of partial and final judgments, as it deems appropriate.

/s/ ***John M. Bodenhausen***
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of January, 2018.